**Lewis F. MONTAGUE, Appellant,**

v.

**George A. DAWKINS, in his own right and to the use of State Farm Mutual Insurance Companies, a corporation, Appellees.**

**No. 2377.**

Municipal Court of Appeals for the District of Columbia.

Argued April 20, 1959.

Decided July 21, 1959.

William H. Greer, Jr., Washington, D. C., for appellant.

Francis X. Quinn, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellees filed suit against appellant and his employer for damages to appellee Dawkins' motor vehicle as a result of a collision between it and a tractor-trailer operated by appellant. After a trial by the court judgment was entered against appellant only.

Appellees' case consisted solely of the testimony of appellee Dawkins. Appellant, a non-resident, was not present at the trial and his case consisted entirely of his own deposition, which was received in evidence without objection.

Appellant's only contention on appeal is that when the trial judge refused to permit his counsel to orally read his deposition or to read the entire deposition himself, he committed error.

The record discloses that after the deposition had been received in evidence ap-

chester Apartments, Inc., D.C.Mun.App., 36 A.2d 263.

5. Morse v. Brainerd, 42 App.D.C. 448.

6. Sandler v. Wertlieb, D.C.Mun.App., 60 A. 2d 222.

pellant's counsel requested permission to read it aloud; the trial judge suggested that, in lieu of this, counsel summarize it; the latter then attempted to summarize that part of the deposition that referred to his client's account of the accident itself. In response to the request of the judge, counsel stated that the account of the accident started at the bottom of page 10 of the deposition and gave the page numbers at which his client discussed the accident on cross-examination. The trial judge then silently read from the bottom of page 10 to the end; he also read to himself portions of appellant's testimony from pages 1 to 10.

In the statement of proceedings and evidence it is stated:

"* * * In these pages, [1 to 10] only a portion of which was read by the Court, Mr. Montague [appellant] gave information about himself, his health, his experience as a truck driver, his safety record, the truck he was driving, the condition of the truck's safety devices, the setting of the accident, and the condition of the street. Though defense counsel [attorney for appellant] mentioned these facts in his final arguments, the Court does not recall reading all these facts in the deposition. Specifically, the Court does not recall reading that the equipment of [appellant's truck] fulfilled all safety regulations, that the truck's lights were working properly and that [appellant] had had a thorough rest before starting on this trip."

In his brief, counsel for appellant, after pointing out that the trial judge had not suggested that appellee Dawkins' testimony be summarized but heard it *in toto*, states:

"* * * The only effective means of communicating Appellant's defense to the trial Court with comparable clarity and completeness was to read orally his deposition testimony. This was necessary not only to inform the Court of the pertinent facts about the accident, but, through the very words

of the absent Appellant, to convey to the Court an impression of the man himself."

We agree. We are confident that the trial judge conscientiously decided the case, and it may well be that had he read the entire deposition, or had permitted it to be read by counsel, his decision may have been the same; nevertheless, we feel that under the circumstances of this case appellant was entitled to have the deposition read in its entirety either by the judge or by counsel, and that the procedure followed was reversible error.

Reversed with instructions to grant a new trial.